BROSENNE *v.* WARTHEN, TRADING AS
WARTHEN FUEL COMPANY

[No. 341, September Term, 1960.]

*Decided July 7, 1961.*

The cause was argued before BRUNE, C. J., and HAMMOND,
PRESCOTT, HORNEY and MARBURY, JJ.

*C. Orman Manahan,* for appellants.

*V. Stephen Lassotovitch,* for appellee.

PER CURIAM.

The sole question on this appeal is whether the subcontractor (W. Owings Warthen, trading as Warthen Fuel Company) gave timely notice to the owner (Katherine M. Brosenne) of his intention to claim a mechanics' lien.

The owner of unimproved property at Savage in Howard County contracted with the builders (Kuhn and Vinci) to erect two dwellings on the property, and the builders or general contractors engaged the subcontractor to install the plumbing and heating systems in both houses. Work on both projects was begun on July 23, 1953. On August 23 the gas-fired furnaces were installed in the basements of each house and were connected with the metal duct work, but were subsequently disconnected and moved upstairs for safekeeping. The registers had been fastened to the walls of one house on August 21. Those in the other house were attached on September 10. Installation of the plumbing fixtures was completed in the early part of October. No further work was done by the subcontractor on the heating systems until March 2, 1954.

There was further evidence that the builders requested the subcontractor to remove the furnaces and place them in the kitchens of the houses until such time as the basements had been emptied of water that had accumulated therein. Shortly thereafter the subcontractor began to make periodic efforts to complete the work, but in each instance he found the houses locked and no one on the premises. And, although he discussed the water problem with the owner and informed her that he had not been paid, neither she nor the builders made any effort to remove the water to the end that the subcontractor could complete the performance of his contract. Sometime in January of 1954 the subcontractor learned that both furnaces had been reinstalled by another person engaged by the builders with the knowledge of the owner after she had made another payment to the builders. The practice of keeping the house locked was continued, but, on March 2, 1954, two employees of the subcontractor, finding the doors open, entered and installed the thermostats without which the heating systems

would not have functioned. Three days later the subcontractor gave notice to the owner of his intention to claim a lien pursuant to Code (1957), Art. 63, § 11.

There was also evidence to the effect that the subcontractor had installed the thermostats—the only item of work left undone—to show that he was still "working on the job"; that (according to the testimony of a daughter of the owner) all work on the houses so far as the subcontractor was concerned had ceased around Labor Day of 1953; and that (according to the testimony of the building inspector) the houses had been completed in the latter part of September or early part of October of 1953.

The appellants (to whom the owner had conveyed the properties shortly before her death) contended below, and contend here, that the installation of the thermostats, which took only one hour, was so trivial in relation to the entire subcontract, that it must have been undertaken solely to extend the ninety-day period within which notice could be given.

The chancellor, however, found as a fact on the evidence produced that the notice was timely, and we are unable to say that he was clearly in error. Maryland Rule 886 a. The finding was justified on either of two legal bases: (1) that the installation of the thermostats was necessary for the performance of the subcontract. *Harrison v. Stouffer,* 193 Md. 46, 65 A. 2d 895 (1949); *District Heights Apts. v. Noland Co.,* 202 Md. 43, 95 A. 2d 90 (1953); or (2) that the acts and omissions of the owner prevented the subcontractor from fully completing his contract until March 2, 1954. See 57 C.J.S., *Mechanics' Liens,* § 96. While it is true, as the appellants assert, that a lienor may not revive a lost lien, or extend an existing one, simply by performing further work without the knowledge or consent of the owner, *Clark Concrete Co. v. Lindberg,* 216 Md. 576, 141 A. 2d 685 (1958), that was not the situation here.

> *Decree affirmed; appellants to pay the costs.*